CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 09 2014
JULIA C. DUDLEY CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT CLAY ROBERTSON, ) | |
| ) | |
| Petitioner, ) | Criminal Action No. 7:12cr18 |
| ) | |
| v. ) | 2255 MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| ) | |
| Respondent. ) | |

Petitioner Vincent Clay Robertson, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 motion, seeking to correct the 180-month sentence the court imposed following his guilty plea to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Robertson claims the court improperly sentenced him to an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and that his counsel rendered ineffective assistance. The government has moved to dismiss. The court finds that Robertson's motion lacks merit and denies it.

I.

On March 1, 2012, a federal grand jury indicted Robertson in a one count indictment for possessing a firearm after having previously been convicted as a felon. On September 14, 2012, Robertson entered into a written plea agreement with the government that called for Robertson to plead guilty to the single count against him and, in doing so, to "stipulate there [was] a sufficient factual basis to support each and every material factual allegation contained within the charging document(s)." (ECF No. 28 at 10) The agreement did not contemplate a specific sentence or sentencing range. The court conducted a Rule 11 plea colloquy in which Robertson advised the court that he had read the plea agreement and understood it. (ECF No. 46 at 8) The court then

asked Robertson:

> THE COURT: Has anyone made any other promises or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone attempted in any way to force you to plead guilty in this case?
>
> THE DEFENDANT: No, sir.

(Id. at 8) The court advised Robertson of the nature of the charges and the effects of pleading guilty, including the potential sentence applicable to count one. In particular, the court stated that if it determined Robertson

> had at least three prior convictions for serious drug offenses and/or violent felonies, the imprisonment would change from up to 10 years to 15 years to life . . . In other words, there would be -- if you have those three prior convictions, then you would be facing a mandatory minimum of 15 years up to life imprisonment.

(Id. at 10) The court then asked if Robertson understood, to which he answered, "[y]es, sir." (Id.) The court found that Robertson's guilty plea was a knowing and voluntary plea and accepted it. A presentence report was prepared. According to that report, Robertson committed three serious drug offenses in violation of Va. Code § 18.2-248 (Distribution of Crack Cocaine on October 19, 1989; Possession of Cocaine with Intent to Distribute on June 21, 1996; and Distribution of Cocaine on July 9, 1996)[1] and, therefore, was an armed career criminal facing a mandatory minimum of 180 months and a guideline range of 188 to 235 months. Robertson did not object to the report. On December 4, 2012, the court adopted the presentence report and sentenced Robertson to 180 months. Robertson did not appeal.

---

[1] The Roanoke City Circuit Court sentenced Robertson to seven years, ten years, and ten years, respectively.

2

II.

Robertson now argues the court improperly sentenced him, in light of the new rules announced in Descamps v. United States, 133 S. Ct. 2276 (2013) and Alleyne v. United States, 133 S. Ct. 2151 (2013), which the Supreme Court decided after the court sentenced Robertson. Finding that neither case is of any benefit to Robertson, the court will deny his motion.

A.

Robertson first claims the new rule announced in Descamps prevents his previous state drug convictions from now qualifying as predicate offenses under 18 U.S.C. § 924(e) and, therefore, he is "actually innocent" of being an armed career criminal. However, assuming without deciding that Descamps is retroactively applicable to cases on collateral review, Robertson would nevertheless remain an armed career criminal.[2]

In Descamps, the Supreme Court clarified existing law concerning the procedure that United States District Courts must follow when determining whether a defendant's prior state conviction qualifies as a predicate offense under the ACCA, but that clarification has no effect on the classification of Robertson's predicate drug offenses. Under the ACCA, a previous drug conviction qualifies as a predicate offense if it meets the statutory definition of a "serious drug offense," which is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Multiple offenses committed on a single occasion count as a single predicate offense.

Here, Robertson was convicted in Virginia for distributing crack cocaine on October 19,

---

[2] It is also doubtful that Descamps applies retroactively to cases on collateral review. Williams v. Ziegler, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014) (citing cases).

3

1989, possessing cocaine with intent to distribute on June 21, 1996, and distributing cocaine on July 9, 1996, all in violation of Va. Code. § 18.2-248.[3] Because violations of both the 1989 and 1996 versions of the statute[4] carried a maximum sentence of 40 years imprisonment,[5] and because Robertson committed the offenses on different occasions, all three state drug trafficking convictions qualified as predicate offenses, and this court properly sentenced Robertson as an armed career criminal.

B.

Robertson next claims that the court engaged in judicial fact-finding in contravention of Alleyne. Robertson over reads Alleyne's holding and, in any event, that holding is not retroactive to cases on collateral review.

Before Alleyne, the Supreme Court held in Harris v. United States, 536 U.S. 545 (2002) and McMillan v. Pennsylvania, 477 U.S. 79 (1986), that "facts increasing a mandatory minimum sentence could be decided by a judge at sentencing rather than a jury." Id. at 563-65. Alleyne overruled both Harris and McMillan and held that such facts are instead elements that "must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158. However, Alleyne did not disturb Almendarez-Torres v. United States, 523 U.S. 224 (1998), "which

---

[3] Because Robertson was actually guilty of these convictions, he also could not be "actually innocent," regardless of the change of procedure required by Descamps. To succeed on actual innocence grounds, "a petitioner must demonstrate actual *factual* innocence of the offense of the conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) (quoting United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999)) (emphasis added).

[4] A federal sentencing court considering whether a previous state conviction qualifies under §924(e) must look to the law that applied at the time of the conviction. McNeill v. United States, 131 S. Ct. 2218, 2222 (2011).

[5] The court notes that unlike in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and Whiteside v. United States, 2014 WL 1364019 (4th Cir. April 8, 2014), the maximum term of imprisonment for Robertson's previous state convictions was not in any way tied to any hypothetical aggravating factors (such as a recidivism finding).

authorizes a district court to apply an enhanced sentence based upon its finding of applicable prior convictions." United States v. Croft, 533 Fed. Appx. 187 (4th Cir. 2013) (unpublished) (finding Alleyne of no aid to defendant who challenged the increase of his mandatory minimum sentence based on his status as an armed career criminal, which was based on the district court's finding of defendant's prior convictions by a preponderance of the evidence); see United States v. Blair, 734 F.3d 218, 227 (3d Cir. 2013) ("Alleyne do[es] nothing to restrict the established exception under Almendarez-Torres that allows judges to consider prior convictions."). But see United States v. McDowell, 2014 WL 960256 (4th Cir. March 11, 2014) (acknowledging the Almendarez-Torres exception to judicial fact-finding and calling for its reconsideration.)

In addition, the court sentenced Robertson on December 4, 2012, and Robertson did not appeal. The Supreme Court did not decide Alleyne until June 17, 2013 and did not make it retroactive to cases on collateral review. See United States v. Stewart, 2013 WL 5397401, at *1 n.* (4th Cir. Sept. 27, 2013) (noting that Alleyne "has not been made retroactively applicable to cases on collateral review").

III.

Robertson also argues that his counsel (1) deceived him by advising him he was pleading to a capped sentence and, therefore, his plea was not knowing or voluntary; (2) failed to require the government to authenticate his prior convictions; and (3) failed to challenge the use of those convictions for purposes of applying the armed career criminal enhancement. The court rejects each of Robertson's claims.

To establish a claim of ineffective assistance, a petitioner must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 669 (1984). A court's evaluation of deficient performance is "highly deferential." Strickland, 466 U.S. at 689. And

5

courts apply a strong presumption that counsel's performance was within the "wide range" of reasonable professional assistance. Id.; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). To overcome this presumption, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. That is, the representation must fall below an objective standard of reasonableness, amounting to "incompetence under 'prevailing professional norms.'" Premo v. Moore, 131 S. Ct. 733, 740 (2011) (quoting Strickland, 466 U.S. at 690). With respect to prejudice, a petitioner must show "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' i.e., that he would have been found not guilty." Burr v. Lassiter, 513 Fed. Appx. 327, 340 (4th Cir. 2013) (citing Strickland, 466 U.S. at 694). The likelihood of a different outcome must be "substantial," not merely "conceivable." Harrington v. Richter, 131 S. Ct. 770, 787 (2011).

A.

Although Robertson claims that his counsel provided ineffective assistance by leading him to believe that he was pleading to a maximum sentence of up to ten years, his solemn declarations under oath during his plea colloquy directly contradict this assertion. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, "in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible'

6

and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The court finds no exceptional circumstances here. The court specifically asked Robertson if he had read and understood his plea agreement, and whether he understood that by pleading guilty he could be subjected to a mandatory minimum of fifteen years and a maximum of up to life imprisonment. Robertson responded that he understood. The court also asked Robertson multiple times whether *anyone* had attempted to induce him in any way to plead guilty, and he responded that they had not. Accordingly, the court found that his guilty plea was knowing and voluntary, and the court will dismiss his claim.

B.

Robertson claims his counsel provided ineffective assistance by failing to require the government to authenticate the prior convictions used to classify him as an armed career criminal. The authentication of unchallenged prior convictions is not necessary at sentencing, though it certainly would be the better practice for the court given the collateral litigation that anything other than a crystal-clear record engenders. It nonetheless would not have aided Robertson, who fails to make a colorable showing that he did not have the three separate predicate offenses. Consequently, he has not shown deficient performance and prejudice, and the court will dismiss the claim.

C.

Robertson claims that his counsel provided ineffective assistance by failing to object to the three previous drug convictions used to determine that he was an armed career criminal. For reasons previously stated, the court properly concluded that Robertson was an armed career

criminal, and there was no basis for objection.[6]

IV.

For the foregoing reasons, the court will grant the government's motion to dismiss.

**ENTER**: April 9, 2014

_____
UNITED STATES DISTRICT JUDGE

---

[6] Robertson also claims that his counsel was ineffective for failing to argue that the imposition of the armed career criminal enhancement would result in an unjustly harsh sentence, but the court had no discretion to choose whether to impose the mandatory minimum sentence.